DAVID B. GOLUBCHIK (State Bar No. 185520)
KRIKOR J. MESHEFEJIAN (State Bar No. 255030)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; KJM@LNBYG.COM; JDG@LNBYG.COM

Proposed attorneys for Hamid R. Rafatjoo
Chapter 11 Trustee

**FILED & ENTERED**

**MAY 24 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** ghaltchi **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CHERRY MAN INDUSTRIES, INC.,<br><br>    Debtor and Debtor in Possession | Case No.: 2:22-bk-11471-NB<br><br>Chapter 11 Case<br><br>**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (1) APPROVING SALE OF CERTAIN ASSETS LOCATED IN AURORA, ILLINOIS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO ASSET PURCHASE AGREEMENT; (2) WAIVING THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); (3) AUTHORIZING PAYMENT OF POST-PETITION RENT CLAIM OF LANDLORD; AND (4) GRANTING RELATED RELIEF**<br><br>Hearing Schedule:<br>Date: May 20, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 1545<br>     255 East Temple Street<br>     Los Angeles, CA 90012 |

1   On May 20, 2022, the Court held a hearing to consider approval of the motion ("Motion")
2   (Doc 247) filed by Hamid R. Rafatjoo, solely in his capacity as the chapter 11 trustee (the
3   "Trustee") for the estate of Cherry Man Industries, Inc. (the "Debtor"), for entry of an expedited
4   order of the Court: (1) approving the Trustee's sale of Debtor's ownership interest in certain
5   personal property comprised of racking and miscellaneous equipment (the "Assets") located in a
6   warehouse utilized by the Debtor at 2413 Prospect Drive, Aurora Illinois, as more particularly
7   described in, and in accordance with, the "Asset Purchase Agreement" ("APA") attached as
8   **Exhibit 1** to the Motion, to Apex Warehouse Systems, LLC ("Buyer"), free and clear of all liens,
9   claims, encumbrances and other interests under U.S.C. §363(f); (2) waiving the 14-day stay
10  period set forth in Bankruptcy Rule 6004(h); (3) authorizing the Trustee to use a portion of the
11  proceeds of the sale to pay the post-petition administrative rent obligations of the estate to the
12  Warehouse landlord; and (4) granting related relief.  Appearances were as noted on the Court's
13  record.  Capitalized terms not otherwise defined have the same meaning ascribed to such terms
14  in the Motion.

15  The Court, having read and considered the Motion, the Declaration of Hamid R. Rafatjoo
16  attached to the Motion, the APA, and all other pleadings and papers filed in support of the Motion;
17  notice of the Motion having been proper under the circumstances; no opposition to the Motion
18  having been filed; and it further appearing that the legal and factual bases set forth in the Motion
19  and at the hearing on the Motion establish just cause for the relief granted herein; and good and
20  sufficient cause appearing; hereby finds and determines that:

21  **A.    Jurisdiction and Venue**. This Court has jurisdiction over the Motion under 28
22  U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtor's bankruptcy
23  estate and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).
24  Venue of the cases is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

25  **B.    Statutory Predicates and Notice**. As evidenced by the proofs of service filed with
26  this Court and based upon the Court's order limiting notice of the Motion, (i) due, proper, timely,
27  adequate and sufficient notice of the Motion, the hearing on the Motion, and the transactions
28  contemplated thereby has been provided in accordance with sections 102(1), 105(a) and 363 of

the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9006, and in compliance with the APA; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the hearing on the Motion, the APA or the transactions contemplated thereby is or shall be required.

   **C.**  **Findings of Fact and Conclusions of Law**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

   **D.**  **Opportunity to Object**. A reasonable opportunity to object and be heard with respect to the Motion and the APA has been afforded to all interested persons and entities.

   **E.**  **Sale Free and Clear**. The Trustee may sell the Debtor's interest in the Assets, free and clear of all Liens because section 363(f)(1), (2) and (5) of the Bankruptcy Code has been satisfied.

   **F.**  **Sale "As-Is, Where Is."** The sale of the Debtor's interest in the Assets is on an "as is, where is" basis, without any representations or warranties by the Trustee. All of the disclaimers and waivers in the APA are specifically incorporated herein.

   **G.**  **Sale in Best Interest**. Good and sufficient reasons for approval of the APA and the Motion have been articulated. The relief requested in the Motion is in the best interests of the Debtor's estate, creditors and other parties in interest.

   **H.**  **Business Justification**. The Trustee has demonstrated both (i) a good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the sale to Buyer is necessary and appropriate to maximize the value of the Debtor's estate.

   **I.**  **Corporate Authority**. Subject only to the entry of this Order, the Trustee has full corporate power and authority to execute the APA, and all other documents contemplated

thereby, and to consummate the transactions contemplated by the APA. The APA and all of the transactions contemplated thereby have been duly and validly authorized by all necessary corporate action of the Trustee. No consents or approvals, other than the consent and approval of this Court, are required for the Trustee to consummate the sale to Buyer.

**J.** **Arms-Length Sale**. The APA was negotiated and entered into by the Trustee without collusion, in good faith and from arms'-length bargaining positions. The Trustee has not engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code.

**K.** **Consideration**. The consideration provided by Buyer pursuant to the APA (i) is fair and reasonable, (ii) is the highest and best offer for the Debtor's interest in the Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

**L.** **No Fraudulent Transfer**. The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The consideration under the APA provided by Buyer is the highest and otherwise best offer received by the estate, and such consideration constitutes reasonably equivalent value for the Debtor's interest in the Assets under the Bankruptcy Code and other applicable law.

**M.** **Prompt Consummation**. The sale of the Debtor's interest in the Assets pursuant to the terms of the APA must be approved and consummated promptly in order to preserve the value of the estate and the Assets. Therefore, time is of the essence in consummating the sale, and the Trustee and Buyer intend to close the sale as soon as possible. Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** and **APPROVED**, and the sale contemplated thereby and by the APA is approved as set forth in this Order.

2. The Trustee is authorized to use proceeds from the sale of the Assets to pay the post-petition administrative rent obligations of the estate to DCT 2413 Prospect LLC pursuant to that certain nonresidential real property lease of the premises located at 2413 Prospect Drive, Aurora, Illinois.

3. The consideration provided by Buyer for the Debtor's interest in the Assets as embodied in the APA, (i) is fair and reasonable; (ii) is the highest and otherwise best offer; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, and the laws of any state, territory, possession, and the District of Columbia. Buyer's consideration for the Debtor's transferable ownership interest in the Assets is hereby approved.

4. Buyer shall pay the Purchase Price to the Trustee in accordance with the terms of the APA.

5. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the sale by the Trustee to Buyer of the Debtor's interest in the Assets as defined in the APA and transactions related thereto, are authorized and approved in all respects.

6. Any transfer, documentary, sales, use, registration, value-added and other similar taxes and related fees (including, without limitation, any penalties, interest and additions to taxes) (collectively, the "Taxes") imposed by any governmental body or authority in any jurisdiction in connection with the transaction contemplated in the APA or in connection with the APA, shall be assumed by and paid by Buyer.  The Trustee and Buyer shall cooperate in timely making all filings, returns, reports and forms as may be required to comply with the provisions of all laws relating to such Taxes.

7. Buyer shall remove all Assets from the Warehouse by no later than May 31, 2022, after which Buyer shall be solely responsible for any rent and expense obligations related to the Warehouse.

8. The APA attached as **Exhibit 1** to the Declaration of Hamid R. Rafatjoo is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Trustee is authorized to consummate and perform all of the estate's obligations under the APA and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the APA.

9. Pursuant to section 363(b) and 363(f)(1), (2) and (5) of the Bankruptcy Code, the Trustee is authorized to sell and transfer the Debtor's interest in the Assets to Buyer pursuant to the APA and all applicable provisions of the Bankruptcy Code, free and clear of all Liens within the meaning of section 363(f) of the Bankruptcy Code.

10. This Order is and shall be effective as a determination that, all Liens shall be, and are, without further action by any person or entity, released with respect to the Debtor's interest in the Assets as of the Closing (except to the extent otherwise provided in the APA).

11. The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Order shall be effective immediately upon its entry.

12. The terms of this Order shall be binding on Buyer and its successors and assigns, the Trustee and his successors and assigns, the Debtor, creditors of the Debtor and all other parties in interest in this bankruptcy case, and any successors of the Debtor, including any trustee or examiner appointed in this case or upon a conversion of this case to chapter 7 of the Bankruptcy Code.  In the event of a conflict between the provisions of this Order and the APA, the provisions of this Order shall control.

13. The APA was negotiated and entered into by the Trustee without collusion, in good faith and from arms'-length bargaining positions. The Trustee has not engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code or otherwise.

14. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to interpret, implement and enforce the terms and provisions of, and resolve any disputes arising under or related to, this Order and the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements and documents executed pursuant to or in connection therewith in all respects.

15. The failure specifically to include any particular provisions of the APA or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement or instrument, it being the intent of the Court that the APA and each such document, agreement or instrument be authorized and approved in its entirety by this Order.

16. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

###

Date: May 24, 2022

Neil W. Bason
United States Bankruptcy Judge